UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE STRZELCZYK, | : | CIVIL ACTION NO. 3:CV-14-2368 |
| Petitioner | : | (Judge Nealon) |
| v. | : | FILED SCRANTON |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al., | : | JAN 1 4 2015 |
| Respondents | : | PER _____ DEPUTY CLERK |

## **MEMORANDUM**

Petitioner, George Strzelczyk, an inmate currently confined in the State Correctional Institution, Waymart, Pennsylvania, filed the instant petition for writ of mandamus pursuant to 28 U.S.C. § 1361. (Doc. 1, petition). He challenges the denial of parole by the Pennsylvania Board of Probation and Parole ("the Board"). Id. Specifically, Petitioner states that "by law Penna Parole is a privilege, therefore, any law the PBPP uses to denie [sic] parole is a glaring constitutional violation." Id. On the basis of the assertion that he has a "right" to be paroled, Petitioner now seeks a writ of mandamus directing the parole board to release him on parole. Id. For the reasons set forth below, the petition will be dismissed.

## **Background**

The following background has been extracted from this Court's January 15, 2013, Memorandum and Order denying Petitioner's challenge to the Parole Board's

January 9, 2010 and June 23, 2011 denials of parole. See <u>Strzelczyk v. Pa. Bd. Of Probation and Parole</u>, 2013 WL 154397 (M.D. Pa. 2013).

On July 8, 1987, after a jury trial conducted in the Court of Common Pleas of Monroe County, Petitioner was convicted of rape, statutory rape, incest, involuntary deviate sexual intercourse, indecent assault, indecent exposure, endangering welfare of children, and corruption of minors. He was sentenced to a fifteen (15) to thirty (30) year term of imprisonment. He was permitted to remain on bail pending appeal.

Petitioner subsequently absconded, his bail was revoked, and a bench warrant was issued for his arrest. He was not taken into custody and did not being serving his term of incarceration until the year 1995.

On January 9, 2010, the Board reviewed, and denied, Petitioner's application for parole based on the following:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the parole act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the board's decision include the following:
>
> Your need to participate in and complete additional institutional programs.
>
> The negative recommendation made by the Department of Corrections.

The negative recommendation made by the trial judge.

You are to be reviewed in or after May, 2011, or earlier, if recommended by the Department of Corrections staff.

At your next interview, the Board will review your file and consider:

Whether you have successfully participated in/successfully completed a treatment program for sex offenders and violence prevention.

Whether you have received a favorable recommendation for parole from the Department of Corrections.

Whether you have received a clear conduct record.

Whether you have completed the Department of Corrections Prescriptive Program(s).

Sex Offender Program Report to be available at time of review.

You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

On December 9, 2010, Petitioner filed a petition for writ of mandamus in the Commonwealth Court of Pennsylvania. On January 28, 2011, the Board filed preliminary objections to the petition for writ of mandamus.

On February 1, 2011, the Commonwealth Court entered an order sustaining the Board's preliminary objections to improper service, lack of verification, and paragraphing; and directed Petitioner to file and properly serve an amended petition for review within thirty (30) days, or the case would be dismissed.

On February 10, 2011, Petitioner filed an amended petition for review. He did not, however, serve the amended petition for review in compliance with the Commonwealth Court's February 1, 2011 Order, or Pennsylvania Rule of Appellate Procedure 1514(c).

By Order dated February 24, 2011, the Commonwealth Court dismissed the amended petition for writ of mandamus for failure to comply with th Court's February 1, 2011 Order. Petitioner then filed a notice of appeal to the Pennsylvania Supreme Court.

On September 28, 2011, the Pennsylvania Supreme Court affirmed the Commonwealth Court's Order of dismissal.

On June 23, 2011, the Board again reviewed, and denied, Petitioner's application for parole, based on the following:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the parole act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the board's decision include the following:
>
> Your unacceptable compliance with prescribed institutional programs.
>
> The negative recommendation made by the Department of Corrections.
> Reports, evaluations and assessments/level of risk indicates your risk to community.

> You are to be reviewed in or after May, 2013, or earlier, if recommended by the Department of Corrections staff.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully completed a treatment program for sex offenders, batterer's intervention and violence prevention.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have received a clear conduct record.
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

Petitioner made no challenge to the Board's June 23, 2011 parole denial.

On January 31, 2012, Petitioner filed a federal habeas corpus petition, pursuant to 28 U.S.C. § 2254, in which he raised the following grounds for relief:

> 1. Whether the Parole Board erred in denying the Petitioner's parole per the Ex Post Facto Law and changed the sentence.
>
> 2. Whether the Parole Board erred in denying the Petitioner's parole on arbitrary and capricious reasons.
>
> 3. Whether the Petitioner's liberty interest in parole was violated based on statutes and law.
> 4. Whether the Prole Board erred in not following the procedures and law.
>
> 5. Whether the Pa. Supreme Court dismissed the case in error.

By Memorandum and Order dated January 15, 2013, this Court dismissed

Petitioner's Ex Post Facto claim for failure to seek final administrative review and exhaust state court remedies, and denied Petitioner's Due Process challenge to the Board's decisions. See Strzelczyk v. Pa. Bd. Of Probation and Parole, 2013 WL 154397 (M.D. Pa. 2013).

On June 24, 2013, the Board again reviewed, and denied, his application for parole, based on the following:

> Your need to participate in and complete additional institutional programs.
>
> The negative recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> You are to be reviewed on or after May, 2015, or earlier, if recommended by the Department of Corrections/County Prison staff.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully completed a treatment program for sex offenders.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.

(Doc. 1, petition at 11).

Petitioner then filed a petition for writ of mandamus in the Commonwealth

Court of Pennsylvania, whose denial of the petition was affirmed on November 19, 2014, by the Pennsylvania Supreme Court. See (Doc. 1 at 15, Order).

On December 15, 2014, Petitioner filed the instant petition for writ of mandamus, seeking release on parole. (Doc. 1, petition).

**Discussion**

**A. Inmate Case Screening Standard of Review**

There is a statutory obligation to conduct a preliminary review of pro se complaints which seek redress against government officials. Specifically, the court is obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Under Section 1915A, it must be assessed whether a pro se complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than

conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a pro se plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210–11.

Applying this standard, this Court finds that Petitioner's mandamus complaint should be dismissed for failure to state a claim upon which relief can be granted.

### B. **Strzelczyk is not entitled to mandamus relief.**

At the outset, it appears that Petitioner is not entitled to mandamus relief. A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief, which must comply with demanding legal standards. Thus, it is well-settled that "[t]he writ is a drastic remedy that 'is seldom issued and its use is discouraged'." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). As a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d Cir. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt'." Appalachian States Low–Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir. 1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987)). See Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006). Therefore:

> Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). See also Stehney, 101 F.3d at 934 (holding that mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Stanley v. Hogsten, 277 F.App'x. 180, 181(3d Cir. 2008).

As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus:

> The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (quoting Will v. United States, 389 U.S. 90, 95 (1967)); see also In re Leeds, 951 F.2d 1323, 1323 (D.C. Cir. 1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the

defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002)); see also Banks v. Office of Senate Sergeant–At–Arms and Doorkeeper of the United States Senate, 471 F.3d 1341, 1350 (D.C. Cir. 2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable'." Power v. Barnhart, 292 F.3d at 784 (quoting Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616 (1984); Weber v. United States, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D. D.C. 2008).

In the past, prisoner-petitioners, like Strzelczyk, have frequently turned to the writ of mandamus to try to compel those who control their custody to take some specific form of favorable action. These petitions have been many and varied in their forms, embracing wildly diverse disputes, but one consistent theme throughout these cases has been that the courts rarely such embrace mandamus requests. See e.g., Priskanin v. Doe, 349 F. App'x 689 (3d Cir. 2009) (denying mandamus request that FBI protect former alleged informant); Stanley v. Hogsten, 277 F.App'x. 180, 181(3d Cir. 2008) (denying federal inmate mandamus request

for law book); Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006) (denying prisoner mandamus request to remove detainer); Beckley v. Miner, 125 F.App'x 385 (2d Cir. 2005) (denying mandamus request for prison transfer); Leonhard v. Mitchell, 473 F.2d 709 (2d Cir. 1973) (denying mandamus request for disclosure of whereabouts of witness protection program witness). These cases, which consistently decline to apply the drastic and extraordinary remedy of mandamus to custodial decisions, all recognize that matters relating to custody and release of prisoners routinely entail the exercise of discretion by government officials. As these decisions often entail significant exercises of discretion, it rarely can be said that these judgments involve such "a clear nondiscretionary duty," Stanley v. Hogsten, 277 F. App'x. at 181, that mandamus may lie compelling some specific form of governmental action. Indeed, as the United States Court of Appeals for the Third Circuit recently observed when it denied a mandamus request from a Pennsylvania state prisoner who, like Strzelczyk, sought to use the writ to compel favorable state parole board action:

> Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). State prisoners challenging the denial of

> parole must proceed by filing a habeas petition pursuant to 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). As noted above, the District Court has previously denied [petitioner's] petition for habeas, in which he requested the same relief he seeks now. See Brown v. Com. of Pa. Bd. of Prob. and Parole, 2010 WL 411832 (W.D. Pa. 2010). In affirming the District Court order, we explained that [the petitioner] failed to demonstrate "a substantial showing of the denial of a constitutional right." See C.A. 10–1424. Mandamus cannot be used to obtain relief that has been sought and denied. See e.g., United States ex rel. McQueen v. Wangelin, 527 F.2d 579, 582 (8th Cir. 1975) (holding that mandamus will not lie to disturb a final order on a habeas petition). More fundamentally, to the extent that [the petitioner] seeks an order directing state courts or state officials to take action, the request lies outside the bounds of our mandamus jurisdiction as a federal court. See, e.g., In re Tennant, 359 F.3d 523, 531 (D.C. Cir. 2004) (explaining that mandamus jurisdiction lies with the court that has the ultimate authority to review a decision).

In re Brown, 2010 WL 2180778, *1 (3d Cir. 2010).

In this case, the complaint in mandamus appears to invite this Court, in the guise of a mandamus action, to direct the state parole board to take a specific course of action on his request for parole. However, a writ of mandamus may only issue if the plaintiff has a clear right to relief and the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt'." Appalachian States Low–Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir. 1996). Therefore, inherent in a request for mandamus is "a showing [by the moving party]

that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy." Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D. D.C. 2008).

These basic limitations on the writ of mandamus are fatal to the instant complaint, which seeks to use a writ of mandamus to dictate the exercise of discretion by the state parole board and is premised on Strzelczyk's claim of an absolute "right" to parole. Petitioner's premise is clearly incorrect because the United States Court of Appeals for the Third Circuit has plainly found that no such right exists, stating:

> The Supreme Court has held that an expectation of release on parole is not a constitutionally protected liberty interest. Jago v. Van Curen, 454 U.S. 14 (1981). In Jago, the inmate had been ordered released on parole but before he was released, the Parole Board learned that he had not been truthful in his interview or parole plan. The Board rescinded the inmate's parole. The Supreme Court held that the inmate was not entitled to a hearing before his parole was rescinded because, under [state] law, the inmate had no liberty interest in parole because it was entirely discretionary. Under Pennsylvania law, until the Board's order is "executed," the Board may at any time rescind an order granting parole. The Board's order is executed when there is an order granting a prisoner's release and the prisoner signs an acknowledgment of the conditions of parole. Only then does the inmate have a liberty interest in parole. Johnson v. Commonwealth, 110 Pa.Cmwlth. 142, 532 A.2d 50, 52 (1987).

Stephens v. Chairman of Pennsylvania Bd. of Probation and Parole, 173 F. App'x 963, 965 (3d Cir. 2006).

While state inmates frequently invite federal courts to revisit discretionary parole determinations by challenging those parole decisions on due process grounds, these invitations are rarely embraced by the courts. For example, federal courts have routinely rejected suggestions by state prisoners that discretionary parole denials offend constitutional due process, and have denied habeas relief to such petitioners. See, e.g., Anderson v. Pa. Bd. of Probation and Parole, 2006 WL 1149233 (M.D. Pa. 2006); Bonsall v. Gillis, 372 F. Supp. 2d 805 (M.D. Pa. 2005); Bachman v. Jeffries, 488 F.Supp. 107 (M.D. Pa. 1980); Williams v. Pa. Bd. of Probation and Parole, 2008 WL 5120773 (E.D. Pa. 2008); Walls v. Attorney General, 2007 WL 4190790 (W.D. Pa. 2007); Zuniga v. Pa. Bd. of Probation and Parole, 2007 WL 1002179 (E.D. Pa. 2007). These cases are grounded upon several basic tenets of constitutional law. At the outset, these cases acknowledge that it is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); see also Rauso v. Vaughn, 79 F. Supp. 2d 550, 551 (E.D. Pa. 2000) (explaining that the

federal Constitution does not create an entitlement to parole). These cases all further recognize that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rodgers v. Parole Agent SCI–Frackville, Wech, 916 F.Supp. 474, 476–77 (E.D. Pa. 1996); McCrery v. Mark, 823 F.Supp. 288, 294 (E.D. Pa. 1993).

In short, in the absence of "a legal duty '... [so] positively commanded and so plainly prescribed as to be free from doubt' ", Appalachian States Low–Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir. 1996), Petitioner is not entitled to mandamus relief in federal court. Because federal law and Pennsylvania statutes plainly do not create a cognizable, and absolute, right to parole, Petitioner simply cannot demonstrate a duty so clearly commanded and free from doubt as to justify issuance of a writ of mandamus. Therefore, this petition fails.

Finally, and "[m]ore fundamentally, to the extent that [the petitioner] seeks an order directing state courts or state officials to take action, the request lies outside the bounds of our mandamus jurisdiction as a federal court. See, e.g., In re Tennant, 359 F.3d 523, 531 (D.C. Cir. 2004) (explaining that mandamus jurisdiction lies with the court that has the ultimate authority to review a decision)."

In re Brown, No. 10–2293, 2010 WL 2180778, *1 (3d Cir. 2010).  Instead, Petitioner must turn to state courts if he seeks a writ of mandamus against state officials based upon the alleged misapplication of state law.

The Court recognizes that pro se petitioners often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher–Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, the complaint in mandamus does not contain sufficient legal and factual recitals to state a claim upon which relief may be granted, and it is clear that Strzelczyk cannot as a matter of law make a showing which would warrant the exercise of mandamus jurisdiction.  Therefore, allowing leave to amend would be futile.  The petition will be denied.  A separate Order will be issued.

Dated: January 13, 2015

_____
**United States District Judge**